SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
GAIL HAMILTON,

        Plaintiff,

 - against -

DELTA AIR LINES, INC. and "JANE DOE", name
being unknown,

        Defendants.
-------------------------------------------------------------------X

Index No.: 155651/2024
Date Purchased: 6-20-24

**VERIFIED COMPLAINT**

  Plaintiff, by her attorneys, JONATHAN D'AGOSTINO & ASSOCIATES, P.C., complaining of the Defendants, respectfully alleges, upon information and belief:

  1. That at the time of the commencement of this action, Plaintiff resided in the County of Pinellas, State of Florida.

  2. That at all times herein mentioned, Defendant DELTA AIR LINES, INC. maintained a residence in the County of New York, State of New York.

  3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

  4. That at all times herein mentioned, Defendant DELTA AIR LINES, INC. was, and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York having a place of business in New York.

  5. That at all times herein mentioned, Defendant DELTA AIR LINES, INC. was, and still is, a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York having a place of business in New York.

  6. That at all times herein mentioned, Defendant DELTA AIR LINES, INC. owned an airplane bearing International Flight Number 263 designated for air travel from Paris, France to New York, United States.

  7. That at all times herein mentioned, the aforesaid airplane was operated by Defendant DELTA AIR LINES, INC.

8. That at all times herein mentioned, the aforesaid airplane was managed by Defendant DELTA AIR LINES, INC.

9. That at all times herein mentioned, the aforesaid airplane was controlled by Defendant DELTA AIR LINES, INC.

10. That at all times herein mentioned, the aforesaid airplane was maintained by Defendant DELTA AIR LINES, INC.

11. That at all times hereinafter mentioned, Defendant DELTA AIR LINES, INC. repaired the aforesaid airplane.

12. That at all times herein mentioned, Defendant "JANE DOE", name being unknown, was an employee of Defendant DELTA AIR LINES, INC. in the capacity of flight attendant whose responsibilities include, but are not limited to, ensuring the safety and comfort of passengers during flights.

13. That at all times herein mentioned, Defendant "JANE DOE", name being unknown, was in the course of her employment for Defendant DELTA AIR LINES, INC.

14. That at all times herein mentioned, the aforesaid airplane was controlled by Defendant "JANE DOE", name being unknown.

15. That at all times herein mentioned, the aforesaid airplane was maintained by Defendant "JANE DOE", name being unknown.

16. That on June 21, 2022, Plaintiff had a travel itinerary to board DELTA Flight Number 263 departing from Paris-Charles de Gaulle Airport in France, having a landing destination at John F. Kennedy International Airport in New York. Subsequent thereto, Plaintiff was set to board Flight Number 1605 departing from John F. Kennedy International Airport, having a landing destination at Tampa International Airpor, Floridat.

17. That on June 21, 2022, while Plaintiff was a seated passenger on board the aforesaid DELTA Flight Number 263 from Paris to New York, Plaintiff was caused to sustain severe and permanent injuries when a loaded cart operated in the isle by Defendant "JANE DOE", name being unknown, unexpectedly struck Plaintiff multiple times about the body, specifically Plaintiff's right shoulder and surrounding area

18. The above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid cart and airplane.

19. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

20. The above mentioned occurrence and the results thereof were due to and caused by the negligence of the Defendants, and its agents, servants, employees and/or licensees in negligently, carelessly and recklessly in failing to protect the plaintiff; in failing to properly train employees; in failing to prevent injury and/or further injury to plaintiff; in failing to safely operate a cart in the isle of said airplane and in otherwise being negligent.

21. That because of the above stated negligence, Plaintiff GAIL HAMILTON was caused to sustain serious injuries and to have suffered pain; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

22. That by reason of the foregoing, Plaintiff GAIL HAMILTON was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein in an amount which exceeds the jurisdictional limits of the lower courts; altogether with the costs, interest and disbursements of this action.

Dated:     Staten Island, New York
           June 20, 2024

GLEN DEMORA
JONATHAN D'AGOSTINO & ASSOCIATES, P.C.
Attorneys for Plaintiff
3309 Richmond Avenue
Staten Island, New York 10312
718-967-1600
Our File No. Q26220-M222106

Case 1:24-cv-05990-PKC   Document 1-1   Filed 08/07/24   Page 4 of 4

## ATTORNEY'S VERIFICATION BY AFFIRMATION

GLEN DEVORA, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at JONATHAN D'AGOSTINO & ASSOCIATES, P.C., attorneys of record for Plaintiff(s), **GAIL HAMILTON**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

I make the foregoing affirmation because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:   Staten Island, New York
         June 20, 2024

_____
GLEN DEVORA