UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GAIL HAMILTON,

                Plaintiff,

-against-

DELTA AIR LINES, INC. and "JANE DOE", name being unknown,

                Defendants.

Docket No.: 1:24-cv-5990 (PKC)

**ANSWER**

---

Defendant, DELTA AIR LINES, INC. (hereinafter "DELTA"), by and through its attorneys, Connell Foley LLP, as and for its Answer to the Verified Complaint, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "1", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16" and "17" of the Verified Complaint.

2. Denies each and every allegation set forth in paragraphs "2", "4", "5", "18", "19", "20", "21" and "22" of the Verified Complaint.

3. Denies each and every allegation set forth in paragraph "3" of the Verified Complaint and refers all questions of law to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

4. All limitations of liability made available by Article 16 of New York's C.P.L.R. may apply to DELTA.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

5. The injuries and damages allegedly sustained by the Plaintiff were caused solely by the Plaintiff's own culpable and negligent conduct and were not caused nor contributed to by reason of any negligence or other omission or act on the part of DELTA.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. The Verified Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. Upon information and belief, any past or future costs, expenses or damages incurred or which will be incurred by the Plaintiff as alleged in the Verified Complaint, has been or will be, with reasonable certainty, replaced or indemnified in whole or in part from a collateral source as that term is defined in Section 4545 of the New York Civil Practice Law and Rules.

By reason of the foregoing, if any damages are recoverable against Defendant, DELTA, the amount of any such damages must be diminished by the amount of the reimbursement or indemnification which Plaintiff has or shall receive from such collateral source.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. If the Plaintiff sustained any damages as alleged in the Verified Complaint or otherwise as may be shown, then in that event such damages were solely and proximately caused by the independent, intervening or superseding acts or omissions of other parties or persons for whose conduct DELTA is neither liable nor responsible for.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9. The damages sustained by the Plaintiff, if any, were caused by the negligence and carelessness of some third person over whom DELTA has neither control nor responsibility.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. The Plaintiff is barred from recovery of damages, or any recovery of damages must be reduced, by reason of Plaintiff's failure to mitigate damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11. All or part of the damages allegedly sustained by the Plaintiff were caused by her culpable conduct through her negligence and careless acts or omissions and Plaintiff's damages,

if any, should be diminished in accordance with the degree of culpability and fault attributed to Plaintiff as provided in Section 1411 of the New York Civil Practice Law and Rules.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12. The rights, duties and obligations of the parties herein are governed and controlled by the provisions of the Montreal Convention and supplemented by DELTA's applicable conditions of carriage, applicable tariffs and tickets.

**WHEREFORE**, the Defendant, DELTA AIR LINES, INC., demands judgment dismissing the Verified Complaint, together with costs, disbursements and attorneys' fees herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 9, 2024

**CONNELL FOLEY LLP**

By: _____
MICHAEL J. CROWLEY
ERIN N. PIETKEWICZ
*Attorneys for the Defendant*
**DELTA AIR LINES, INC.**
875 Third Avenue – 21st Floor
New York, New York 10022
(212) 307-3700

TO:  Glen Devora, Esq.
**JONATHAN D'AGOSTINO & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
**GAIL HAMILTON**
3309 Richmond Avenue
Staten Island, New York 10312

15557964-1